# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

Case No.: 1:20-cv-21976

FLORIDA FAIR HOUSING ALLIANCE, INC.,

    **Plaintiff**,

v.

PARK EAST-WEST LTD
*d/b/a* PARK KNOWLES APARTMENTS,

    **Defendant**.

_____/

## FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

In simplest terms, the screening practices Defendant directs at individuals it (Defendant) *so much as suspects to have been convicted of any felony* has a disparate impact on Black and Hispanic individuals because, despite making up less than 1/3rd of the U.S. population, Black and Hispanic individuals represent *more than half* of all convicted felons. The Florida Fair Housing Alliance ("FFH Alliance") brings this action **not** to hold Defendant accountable for the disproportionate conviction of Black and Hispanic individuals, **but rather**, to remove the artificial barriers to housing created by Defendant that disproportionately and unjustly deny housing to Black and Hispanic individuals.

As confirmed by the investigation of Defendant by the FFH Alliance, Defendant has erected arbitrary, unnecessary, and otherwise hidden barriers to housing that have an unjustifiable disparate impact on Black and Hispanic individuals. In the eyes of Defendant, individuals that it (Defendant) *even suspects* to have been convicted of a felony do not deserve *to even be considered* for the housing Defendant claims to be indiscriminately available. Whether an individual *actually was* convicted of a felony, let alone the nature or circumstances surrounding any conviction, is

superfluous information to Defendant because, as exemplified by the interaction had with Defendant on April 7, 2020, *see infra* ¶ 15, **merely asking whether Defendant accepts convicted felons** is enough for Defendant to unfurl its prejudices and, in effect, perpetuate segregation – but make no mistake – Defendant's readiness to pass judgment from a position of *willful ignorance* is not transparent to the Black and Hispanic individuals regularly victimized by Defendant's prejudices. As crystallized on April 7, 2020, *see infra* ¶ 15, **honesty and transparency from Defendant cannot be expected unless an individual *pleads* for honesty**. At such point is when Defendant's true colors appeared.

Plaintiff Florida Fair Housing Alliance, Inc. (the "FFH Alliance" or "Plaintiff") sues Defendant Park East-West Ltd. *doing business as* Park Knowles Apartments ("Defendant") for violating 42 U.S.C. § 3601 *et seq.*, the Fair Housing Act.

## INTRODUCTION

1. "The [Fair Housing Act] is not an instrument to force housing authorities to reorder their priorities. Rather, the [Fair Housing Act] aims to ensure that those priorities can be achieved without arbitrarily creating discriminatory effects or perpetuating segregation." Inclusive Cmtys. Project, Inc., 135 S. Ct. 2507 at 2522. Due to policies and practices like blanket bans on any applicant with a felony conviction, or the more nefariously latent practices of Defendant discussed below, the FFH Alliance has documented thousands of housing units in the greater South Florida area that are unavailable to individuals with *any* felony conviction from *any* point in time, and to many individuals with a misdemeanor conviction.

2. To combat the perpetuation of segregation and stem the discriminatory impact of needlessly unjust practices, housing providers large and small must evaluate and revise the role that criminal records screening policies and practices play in their application decisions to ensure

that they are serving a substantial, legitimate, non-discriminatory interest and are not a proxy for racial discrimination.

3. Due to the documented racial disparity in the criminal legal system, Defendant's artificial barrier on potential residents with a criminal/felony conviction disproportionately limits housing opportunities of Hispanic and Black applicants as compared to White applicants, and in so doing, is in violation of the Fair Housing Act.

## JURISDICTION AND VENUE

4. Jurisdiction of this Court arises under 42 U.S.C. § 3613(a), 28 U.S.C. § 1331, and 28 U.S.C. § 1337.

5. Venue in this District is proper because the subject property is located in this district, Plaintiff resides in this district, Defendant transacts business in this district, and the complained conduct of Defendant occurred in this district.

## PARTIES

6. The FFH Alliance is a fair housing advocacy organization and non-profit corporation formed in Florida, and headquartered in Miami-Dade, Florida. The FFH Alliance offers a variety of programs and services designed to advance fair housing in Florida. To advance its mission of ensuring equal access to housing for all, the FFH Alliance engages in education and outreach; provides counseling to individuals facing discrimination; works with local and federal officials to enhance fair housing laws and their enforcement; undertakes investigations to uncover unlawful discrimination; and, when necessary, initiates enforcement actions.

7. Defendant is a Florida limited liability partnership, with its principal place of business located in Miami, Florida.

PAGE | **3** of **12**

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

## DEMAND FOR JURY TRIAL

8. Plaintiff, respectfully, demands a trial by jury on all counts and issues so triable.

## FACTUAL ALLEGATIONS

9. Approximately *1.5 million* individuals are currently *serving* a sentence of more than one year, *i.e.*, the *repayment* phrase of a felony-level debt to society, under the jurisdiction of state or federal correctional authorities in the United States. With respect to these individuals' demographics, according to the Bureau of Justice Statistics: **30%** are white, **33%** are black, and **25%** are Hispanic.[1] In comparison to the demographics of the United States population (the total of which is estimated at 308 million), however, according to the U.S. Census Bureau: **63%** of the population is white, **13%** of the population is black, **16%** of the population is Hispanic.[2]

10. Despite making up a fractional percentage of the United States population in comparison to whites, Hispanic individuals, for example, are **three times more likely** to be convicted *and* incarcerated than that of white individuals.[3] Thus, in simplest terms, a policy, procedure, or practice that arbitrarily denies, without any consideration, housing to individuals with a felony conviction will *absolutely* have a disparate impact on Black and Hispanic individuals.

11. Pursuant to its mission of ensuring equal access to housing for all, the FFH Alliance began investigating the "Park Knowles" apartment community, located at 311 North Knowles Avenue, Winter Park, Florida 32789 (the "Complex"), for discriminatory housing practices.

12. Defendant is the owner and otherwise landlord of the Complex.

---

[1] Bureau of Justice Statistics, U.S. Dep't of Justice, *Prisoners in 2017*, 15 (April 2019), *available at* https://www.bjs.gov/content/pub/pdf/p17.pdf.

[2] U.S. Census Bureau, U.S. Dep't of Commerce, *Overview of Race and Hispanic Origin: 2010*, 6 (March 2011), **available at** https://www.census.gov/prod/cen2010/briefs/c2010br-02.pdf.

[3] *Supra* at FN. 5.

13. On April 7, 2020, the FFH Alliance tested the Complex for unlawful discriminatory housing practices using a field tester.

14. The field tester used by the FFH Alliance to test the Complex ("Field Tester" or "FT") is a *sui juris* Hispanic male with a felony conviction.

15. On April 7, 2020, at approximately 11:57am, FT called the Complex at phone number 407-871-3894. After dialing this number, of which was identified as being a recorded line, FT was connected to an agent of Defendant, of whom identified himself as "Sheridan," and the following conversation, fully transcribed below (the "Transcription"), occurred:

| | |
|---|---|
| DEFENDANT: | **Thank you for calling Park-East Park Knowles Apartments, a smoke free community. This is Sheridan. How may I help you?** |
| FIELD TESTER: | *Y'all got a one-bedroom apartment for rent?* |
| DEFENDANT: | **I have several. Uh, I have–** |
| FIELD TESTER: | *Available now?* |
| DEFENDANT: | **Available now. You may–you're welcome to come take a look.** |
| FIELD TESTER: | *Would I get denied if I am a convicted felon?* |
| DEFENDANT: | **Uh – [pregnant pause] – Well, I can't answer that yes or no.** |
| FIELD TESTER: | *Be honest with me. Be honest. Will I get denied if I'm a convicted felon?* |
| DEFENDANT: | **Probably.** |
| FIELD TESTER: | *Alright.* |
| DEFENDANT: | **Alright.** |

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

16. As shown by the Transcript, and which the *audio* recording of the conversation renders palpable, Defendant answered FT's initial questions without hesitation, *namely*, that Defendant had, *not one*, but *several* one-bedroom apartments available *now* for rent. When FT asked, "*would I get denied if I am a convicted felon*," however, Defendant recoiled.

17. Instead of taking the opportunity to inquire further, let alone offer assurance(s) that all prospective tenants were fairly and otherwise indiscriminately considered, Defendant acted as though the answer was some kind of secret, stating that it "*can't answer that yes or no*." Setting aside that Defendant **absolutely** *could have* answered the question *easily* by either appropriately inquiring into the specifics of FT's conviction and rehabilitation or by requesting and reviewing an application by FT, Defendant's refusal to answer FT's basic question wavered once FT plainly asked Defendant to <u>*just be honest*</u>.

18. Make no mistake, the answer of "*probably*" Defendant directed at FT was clearly the *true* practice of Defendant in handling individuals with criminal records. Instead of reassuring that an application submitted by FT would be properly considered, Defendant, **only *after* a plea for honesty by FT**, confirmed the suspicions the FFH Alliance which gave rise to the investigation to begin with, *namely*, that Defendant was perpetuating segregation and otherwise furthering a disparate impact on blacks and hispanics.

19. Defendant's response to FT regarding convicted-felon applicants demonstrates that Defendant – at least, *when asked to be honest* – directs individuals convicted of a felony, *the majority of which are disproportionately Black and Hispanic*, away from both the Dwelling and the Complex. The "honest" answer offered by Defendant illuminates *some* of the otherwise latent artificial, arbitrary, and unnecessary barriers Defendant, regardless of intent, has erected between *otherwise available housing* and the housing needs of Blacks and Hispanics, *e.g.*, that individuals

PAGE | **6** of **12**

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

previously convicted of a felony, despite being required to pay a non-refundable fee for the same consideration sought by other applicants, *will not* be afforded the same consideration, and instead, will face discrimination.

20.     Defendant did not perform any investigation or inquiry into the felony conviction had by FT. For example, Defendant did not inquire into the type of felony, the date of conviction, the nature of the conviction, let alone the circumstances surrounding the felony conviction had by FT. Defendant simply identified FT as an individual with a felony conviction, and without any inquiry or investigation, chose to deter FT from renting the property Defendant held open to the public due to FT's record felony conviction.

21.     The statements made by Defendant to FT regarding applicants previously convicted of a felony serves to discourage Black and Hispanic individuals with a criminal record from applying, inspecting, and renting the Dwelling, and otherwise restricts the choices of these individuals in connection with attempts to seek, negotiate for, and ultimately rent the Dwelling. Just as the FFH Alliance suspected, that is, until such was *confirmed* on April 7, 2020, by and through the FFH Alliance's testing, Defendant, whether intentionally or ignorantly, perpetuates segregated housing patterns and discourages and/or obstructs choices in the applicable community, neighborhood, and/or development.

22.     Simply put, Defendant's decision to steer individuals convicted of *any* felony away from the Complex and/or Dwelling, all without conducting even the most minimal inquiry into such an individual's circumstances, has a disparate impact on Black and Hispanic individuals.

23.     The harm inflicted by discriminatory practices and/or policies directed at individuals with criminal records, like those of Defendant, is significant, not only in terms of the sheer number of people affected, but also in terms of the consequences for the wellbeing of our

PAGE | **7** of **12**

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

communities. In fact, securing safe and affordable housing is a particularly crucial need for individuals reentering their communities immediately after time in prison.

24. Research shows that success in finding adequate housing is critically important to allowing reentrants to secure employment, government benefits, and other community ties. Housing has been characterized, properly, as the "lynchpin that holds the reintegration process together."[4]

25. As another expert put it, "[t]he search for permanent, sustainable housing portends success or failure for the entire reintegration process."[5]

26. On April 4, 2016, more than four years ago, the U.S. Department of Housing and Urban Development ("HUD") issued a document titled "*Office of General Counsel Guidance on Application of Fair Housing Act Standards to the Use of Criminal Records by Providers of Housing and Real Estate-Related Transactions*" (the "HUD Guidance"). Attached as Exhibit "A" is a copy of the HUD Guidance.

27. The HUD Guidance noted that "criminal history-based restrictions on access to housing are likely disproportionately to burden African Americans and Hispanics." Id. HUD found that "where a policy or practice that restricts access to housing on the basis of criminal background has a disparate impact on individuals of a particular race … such policy or practice is unlawful under the Fair Housing Act if it is not necessary to serve a substantial, legitimate, nondiscriminatory interest of the housing provider." See HUD Guidance.

---

[4] Jeremy Travis, *But They All Come Back: Facing Challenges of Prisoner Reentry* 219 (2005).
[5] Barbara H. Zaitzow, *We've Come a Long Way, Baby...Or Have We? Challenges and Opportunities for Incarcerated Women to Overcome Reentry Barriers* 233 (in Global Perspectives on Re-Entry (2011)).

28. Ultimately, HUD concluded that "**a discriminatory effect resulting from a policy or practice that denies housing to anyone with a prior arrest or any kind of criminal conviction cannot be justified, and therefore such a practice would violate the Fair Housing Act**." Id. (emphasis added).

29. Further, HUD made clear that no substantial, legitimate, nondiscriminatory interest can be served where "[a] housing provider … imposes a blanket prohibition on any person with any conviction record – no matter when the conviction occurred, what the underlying conduct entailed, or what the convicted person has done since then." Id. The FFH Alliance finds the same.

30. According to recent data, studies, and HUD findings, Hispanic and Black people are arrested, convicted, and imprisoned at vastly disproportionate in country as a whole, of which is consistent within the State of Florida. As such, the discriminatory steering practices of Defendant, those the above-transcribed interaction between Defendant and FT exemplifies, actually and predictably results in a disparate impact to Hispanic and Black people.

31. Defendant's practice or otherwise policy regarding the criminal history of individuals seeking to rent, utilize, or otherwise occupy the Dwelling is unlawful under the Fair Housing Act, as it has a disparate impact on Black and Hispanic individuals and otherwise fails to serve a substantial, legitimate, nondiscriminatory interest of the housing provider.

32. Defendant's acts impaired Plaintiff's ability to engage in projects by forcing the FFH Alliance to devote resources to counteract the herein complained of actions of Defendant. Further, the resources diverted are independent of the cost of detecting and challenging, *via* non-legal means, the alleged misconduct of Defendant. Simply put, the FFH Alliance was forced to divert resources from, *among other things,* its counseling, outreach, and educational efforts, and into the advancement of this litigation to protect the FFH Alliance's core mission.

PAGE | **9** of **12**

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

33. Despite the prelitigation efforts of the FFH Alliance, Defendant refuses to evaluate and revise the role that criminal records, or more pointedly, the mere suspicion of a felony conviction, play in Defendant's screening policies and practices to ensure that Defendant is not perpetuating segregation and otherwise needlessly erecting barriers to housing.

34. Consistent with FFH Alliance's fair housing testing efforts, FFH Alliance has a practice of continuing to monitor and test those entities and individuals found to have been engaged in discriminatory housing practices. FFH Alliance's will continue monitoring Defendant, and its agents, in order to determine its (Defendant's) ongoing compliance with the Fair Housing Act.

### COUNT I.
### VIOLATION OF THE FAIR HOUSING ACT – 42 U.S.C. § 3604(d)

35. Plaintiff, the FFH Alliance, incorporates by reference paragraphs 1-34 of this Complaint as though fully stated herein.

36. Defendant is liable to Plaintiff for all injuries caused by the Fair Housing Act violations committed by Defendant and the agents of Defendant.

37. Defendant authorized its agents to act for it (Defendant) when Defendant's agents committed the Fair Housing Act violations alleged herein. The agents of Defendant accepted the undertaking of acting on behalf of Defendant when they (Defendant's agents) committed the Fair Housing Act violations alleged herein. Defendant had control over its (Defendant's) agents when said agents committed the Fair Housing Act violations alleged herein.

38. Here, Defendant's practice of, without any review or investigation, turning away individuals with a felony criminal record is an arbitrary and artificial barrier to housing, the likes of which is unnecessary to achieve a valid interest or legitimate objective. Further, a robust causal link exists between Defendant's discussed practices and the disparate impact on Black and Hispanic people, as Black and Hispanic individuals are disproportionally more likely to have been

convicted of a felony than that of white individuals. Defendant's practice of denying, or otherwise without any review or investigation, turning away prospective individual it merely *thinks* was previously convicted of a felony has a direct, disproportionate discriminatory effect on Black and Hispanic individuals.

39. Defendant has violated the Fair Housing Act by, *inter alia*, making unavailable and/or otherwise denying the Dwelling to individuals on the basis of race and/or criminal record.

40. FFH Alliance has been aggrieved, harmed, and its (the FFH Alliance's) goal otherwise thwarted, by above-exemplified latent discriminatory hurdle Defendant perpetuates – of which Defendant continues to practice despite such practices being explicitly condemned by HUD. *See* HUD Guidance (wherein HUD concluded that "a discriminatory effect resulting from a policy or practice that denies housing to anyone with a prior arrest or any kind of criminal conviction cannot be justified, and therefore such a practice would violate the Fair Housing Act.").

41. The FFH Alliance, having uncovered Defendant's latent discriminatory practice and/or policy – has suffered damages in light of the FFH Alliance's goals, purpose, and ongoing monitoring efforts. Further, due to Defendant's conduct, the FFH Alliance's has suffered, is continuing to suffer, and will in the future suffer, irreparable loss and injury and a real and immediate threat of future discrimination by Defendant.

42. WHEREFORE, Plaintiff FFH Alliance, respectfully, requests that this Court:

    (a)    Declare the above-mentioned actions, practices, omissions, polices, and procedures, of Defendant to be in violation of the Fair Housing Act;

    (b)    Award damages to Plaintiff against Defendant;

    (c)    Enter a permanent injunction enjoining Defendant from using the steering practices complained of herein;

(d) Enter a permanent injunction compelling Defendant to amend its (Defendant's) polices, procedures, and practices, that have a disparaging impact on Black and Hispanic individuals;

(e) Award Plaintiff costs and reasonable attorneys' fees; and

(f) Any other relief that this Court deems appropriate and just under the circumstances.

DATED: June 23, 2020

>Respectfully Submitted,
>
> /s/ Jibrael S. Hindi
>**JIBRAEL S. HINDI, ESQ.**
>Florida Bar No.: 118259
>E-mail:   jibrael@jibraellaw.com
>**THOMAS J. PATTI, ESQ.**
>Florida Bar No.: 118377
>E-mail:   tom@jibraellaw.com
>The Law Offices of Jibrael S. Hindi
>110 SE 6th Street, Suite 1744
>Fort Lauderdale, Florida 33301
>Phone:     954-907-1136
>Fax:          855-529-9540
>
>*COUNSEL FOR PLAINTIFF*

## CERTIFICATE OF SERVICE

The undersigned certifies that on June 23, 2020, the forgoing was electronically via the Court's CM/ECF system on all counsel of record.

> /s/ Jibrael S. Hindi
>**JIBRAEL S. HINDI, ESQ.**
>Florida Bar No.: 118259

PAGE | **12** of **12**

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com